IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-91-D

| | | |
|---|---|---|
| JANNETTE MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HANGER PROSTHETICS & | ) | |
| ORTHOTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On March 26, 2014, Jannette McDonald ("McDonald" or "plaintiff") sued her former employer Hanger Prosthetics & Orthotics, Inc. ("Hanger" or "defendant") in New Hanover County Superior Court. See Compl. [D.E. 1-1]. On May 9, 2014, Hanger timely removed the action. [D.E. 1]. McDonald's complaint contains three causes of action: (1) a Title VII race discrimination termination claim and a Title VII racially hostile work environment claim; (2) a North Carolina wrongful termination in violation of public policy claim because Hanger allegedly terminated McDonald's employment based on her race; and (3) a violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1–95-25.25, by failing to pay McDonald a pay raise and bonuses. See Compl. ¶¶ 29–46. On June 16, 2014, Hanger moved to dismiss a portion of McDonald' complaint for failure to state claim upon which relief can be granted [D.E. 11]. On July 28, 2014, McDonald responded [D.E. 14]. On September 16, 2014, Hanger replied [D.E. 19]. As explained below, Hanger's motion to dismiss is granted in part and denied in part.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quotation omitted); see Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court "accepts all well-pled facts as true" but need not accept a complaint's "bare assertions devoid of further factual enhancement," nor a complaint's statements or conclusions of law. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Moreover, a Title VII plaintiff is not required to plead facts that constitute a prima facie case. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–15 (2002). Nonetheless, Swierkiewicz "left untouched the burden of a plaintiff to allege facts sufficient to state all elements of her claim." Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006) (quotation omitted).

McDonald concedes that her allegations in her Title VII cause of action concerning a pay raise and bonus "do not raise separate and independent claims . . . under Title VII." Pl.'s Resp. [D.E. 14] 5. Thus, the court grants the partial motion to dismiss any Title VII claim in the first cause of action concerning a pay raise or a bonus. Likewise, McDonald concedes that her allegations in her wrongful discharge claim in the second cause of action do not include a hostile work environment claim based on public policy because North Carolina does not recognize such a claim. See Pl's Resp. 11; Whitt v. Harris Teeter, Inc., 359 N.C. 625, 625, 614 S.E.2d 531, 532 (2005) (per curiam), adopting dissent in Whitt v. Harris Teeter, Inc., 165 N.C. App. 32, 43, 598 S.E.2d 151, 159 (2004) (McCullough, J., dissenting). Thus, the court grants the partial motion to dismiss any claim in the second cause of action alleging a racially hostile work environment in violation of North Carolina public policy.

2

The parties dispute whether McDonald has plausibly alleged a racially hostile work environment claim under Title VII in her first cause of action and whether McDonald has plausibly alleged a NCWHA violation in her third cause of action. The court has reviewed the complaint in light of the standard governing under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As for McDonald's racially hostile work environment claim under Title VII in her first cause of action, the claim barely ekes across the line from possible to plausible. Cf. Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68–69 (2006); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Freeman v. Dal-Tile Corp., 750 F.3d 413, 421 (4th Cir. 2014); EEOC v. Xerxes Corp., 639 F.3d 658, 676–77 (4th Cir. 2011); Bonds v. Leavitt, 629 F.3d 369, 385–86 (4th Cir. 2011); Moseby-Grant v. City of Hagerstown, 630 F.3d 326, 336–37 (4th Cir. 2010). Thus, Hanger's motion to dismiss that claim is denied. Whether McDonald will survive a motion for summary judgment on that claim is an issue for another day.

As for McDonald's NCWHA claim, McDonald alleges that Hanger "has not fully paid [her] the pay raise and bonuses she is owed for her work at [Hanger's] Wilmington office, between January 1, 2012[,] and May 13, 2013" and thereby violated the NCWHA. Compl. ¶¶ 42–43. In support of her allegations, McDonald cites her offer of employment letter and claims that it stated that if her "workshop skills improved by on or around April 2012, she would receive a pay raise of $5,000." Id. ¶ 23. McDonald alleges that her skills improved, but she did not receive "the agreed-upon raise." Id. ¶ 24. McDonald also alleges that she never received "any bonus provided to other comparators, even though she routinely saw more patients than the other two practitioners, Murphy and Jones." Id. ¶ 25.

3

In moving to dismiss McDonald's NCWHA claim, Hanger attached both its offer letter to McDonald (which she signed) and her employment and non-compete agreement (which she signed). See [D.E. 11-1]. Because the documents are integral and expressly relied upon in the complaint and neither party challenges their authenticity, the court may consider them without converting Hanger's motion to dismiss into a motion for partial summary judgment. See, e.g., Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999).

Section 95-25 of the NCWHA states:

> Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly. Wages based upon bonuses, commissions, or other forms of calculation may be paid as infrequently as annually if prescribed in advance.

N.C. Gen. Stat. § 95-25.6. McDonald's bonus claim under the NCWHA fails because the offer letter reserves the decision to award a bonus to "management's discretion." [D.E. 11-1] 2; see McCabe v. Abbott Labs., Inc., No. 5:13-CV-125-D, 2014 WL 4685184, at *6–7 (E.D.N.C. Sept. 19, 2014) (unpublished).

As for McDonald's NCWHA claim concerning a pay raise, McDonald's offer letter states: "On/around April 1, 2102, your performance and Base Pay will be re-evaluated and if your personal fabrication skills have improved to an acceptable level, the Base Pay will be increased by $5,000." [D.E. 11-1] 2. The offer letter also states: "Working hours and schedules, facility assignments, compensation arrangements and other terms and conditions of employment may be modified at any time." Id. 2–3.

The pay-raise claim fails for two reasons. First, nothing in the NCWHA requires an employer to give an employee a raise. Second, the pay raise referenced in the offer letter was conditional and Hanger retained the discretion to evaluate McDonald's performance and to decide

4

whether to give McDonald a raise. Particularly given McDonald's concessions in her complaint concerning her poor performance, see Compl. ¶¶ 15, 17, McDonald has failed to state a claim upon which relief can be granted under the NCWHA concerning a pay raise. See McCabe, 2014 WL 4685184, at *6–7. Accordingly, the court grants Hanger's motion to dismiss the NCWHA cause of action in count three.

In sum, defendant's partial motion to dismiss [D.E. 11] is GRANTED IN PART and DENIED IN PART. The court DISMISSES any Title VII claim in the first cause of action concerning bonuses or a pay raise, but DENIES defendant's motion to dismiss plaintiff's Title VII racially hostile work environment claim in the first cause of action. The court DISMISSES any claim in the second cause of action concerning a racially hostile work environment in violation of North Carolina public policy. The court DISMISSES plaintiff's NCWHA claim in the third cause of action.

SO ORDERED. This 5 day of October 2014.

                                  JAMES C. DEVER III
                                  Chief United States District Judge